IN THE

# SUPREME COURT

OF

# NEW JERSEY,

## NOVEMBER TERM, 1794.

[233]  JOHNSON v. APPLEGATE.

1. Where a party has entered into an express covenant to pay money to A, he will not be permitted to say that A has no right to sue for it.

2. A agrees to sell B a tract of land, in consideration of which B agrees to pay A so much money. A cannot maintain an action for the money until he has tendered a deed.

The plaintiff in this action had been nonsuited on the grounds, detailed in p. 7 of this volume; and the nonsuit having been set aside by the court, the cause came on again for trial.

It appeared by articles of agreement under seal, dated April, 1773, that Johnson, in behalf of Barbarie and Skinner, had agreed "to sell to Applegate a tract of land, in consideration of which Applegate obliges himself, his heirs, &c., to pay to Johnson, for the use of the parties of the first part, £150, in manner following, viz., £75 on or before the 1st of July next, and £75 on or before the 1st of July, 1774, for the true performance of which the parties of the first and second part bind themselves in the penal sum of £200 ; in witness," &c. Applegate signed and sealed one part, and Johnson signed and sealed a counterpart of this article.

Johnson brought covenant against Applegate, alleging the

271

non-payment of the £150. The defendant pleaded—1st. Payment of the money. 2d. That neither Johnson, Barbarie nor Skinner, had any title to the land; nor have they made to him any conveyance for the same, but have always refused, &c.' The plaintiff replied *non solvit* to the first plea, and demurred generally to the second.

After argument on the demurrer the court gave judgment for the defendant.

KINSEY, C. J.   It has been objected that the suit was improperly brought in the name of Johnson. That the real parties of the first part, in this deed, are Barbarie and Skinner, and that Johnson is but a mere attorney acting in their name.' That though he signs his own name to the seal, yet we must recur to the body of the instrument to ascertain the character in which he acts, and he there appears to be acting in a representative capacity.   Although Applegate "agrees to pay the money to Johnson," yet it is "for the use of the parties of the first part."

[234] There is, however, no weight in this objection. · Here is an express covenant to pay the money to Johnson, for the use of Barbarie and Skinner, and it is in the very teeth of the covenant to say that Johnson cannot sue for it. *Yelv.* 177.

2d. It is objected that the plaintiff ought to have made, or offered a title before he could sue for the money, and certainly a conveyance or tender of one, should have preceded this suit; it is unreasonable to compel the defendant to pay the money before a title is offered.   The case of *Goodison* v. *Nunn*, 4 *T. R.* 761, is in point. (a)

Judgment for defendant.

(a) NOTE —With regard to the question whether it be necessary to aver performance of one part of a mutual covenant, it depends altogether upon another, which must be previously settled, whether the promises or agreements are dependent or independent covenants.   According to the sound and legal observation of Ashhurst, J., in *Hotham* v. *East India Co.*, 1 *T. R.* 645, "there are no precise technical words required in a deed to make a stipulation a condition precedent or subsequent;" it "depends upon the

Johnson v. Applegate.

intention of the parties, the good sense of the case; and technical words should give way to such intention," as is remarked by *Serj. Williams,* 1 *Saund.* 320, *a nota. Willes* 157 ; 7 *T. R.* 130; 8 *T. R.* 366; 5 *Bos. and Pull.* 233 ; 2 *John. Rep.* 145. So numerous are the cases in which this question has been involved, and so delicate are the shades of difference which distinguish them, that the determination in each seems chiefly to rest upon its peculiar circumstances. The learned Serjeant Williams, in the note to which reference has already been made, ventures to deduce certain general rules, which it may be important to give in his own words. 1st. If a day be appointed for payment of money, or part of it, or for doing any other act, and the day is to happen, or may happen, before the thing which is the consideration of the money, or the other act is to be performed ; an action may be brought for the money, or for not doing such other act before performance; for it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent; and so it is where no time is fixed for performance of that which is the consideration of the money or other act. *Dyer* 76, *a, in margin ; Thorpe* v. *Thorpe,* 1 *Salk.* 171 ; 1 *Ld. Ray.* 665 ; 1 *Lutw.* 250 ; 12 *Mod.* 461; *Peters* v. *Opie,* 1 *Vent.* 177 ; *Callonell* v. *Briggs,* 1 *Salk.* 113 ; *Teny* v. *Duntze,* 2 *H. Bl.* 389; *Campbell* v. *Jones,* 6 *T. R.* 572; *Pordage* v. *Cole,* 1 *Saund.* 319; *Ughtred's case,* 48 *Ed. III.,* incorrectly reported 7 *Rep.* 10, *b ;* 1 *East* 629, 631; 2 *Johns.* 272, 387. 2d. When, however, a day is appointed for the payment of money, &c., and the day is to happen after the thing which is the consideration of the money, &c., is to be per- [235]-formed, no action can be maintained for the money, &c., before performance. *Thorpe* v. *Thorpe, second resolution,* 1 *Salk.* 171 ; 12 *Mod.* 462 ; 1 *Ld. Ray.* 665 ; 1 *Lutw.* 251 ; *Dyer* 76, *a, pl.* 30. 3d. Where a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant, on the part of the defendant, without averring performance in the declaration. *Boon* v. *Eyre,* 1 *H. Bl.* 273, *note (a) ; Ibid.* 279, 6 *T. R.* 570; *Campbell* v. *Jones ; Hall* v. *Cazenove,* 4 *East* 484. 4th. But where the mutual covenants go to the whole consideration on both sides, they are mutual conditions, and performance must be averred. *Large* v. *Cheshire,* 1 *Vent.* 147 ; *Duke of St. Albans* v. *Shore,* 1 *H. Bl.* 270. 5th. Where two acts are to be done at the same time, as where A covenants to convey an estate to B on such a day, and in consideration thereof B covenants to pay A a sum of money on the same day, neither can maintain an action without showing performance of, or an offer to perform his part, though it is not certain which of them is obliged to do the first act ; and this particularly applies to all cases of sale. *Callonell* v. *Briggs,* 1 *Salk.* 112, 113 ; *Thorpe* v. *Thorpe, Ibid.* 170 ; *Lancashire* v. *Killingworth,* 2 *Salk.* 623 ; *Kingston* v. *Preston, Dougl.* 689 ; *Jones* v. *Barkley, Ibid.* 684 ; *Goodison* v. *Nunn,* 4 *T. R.* 761; *Porter* v. *Sheppard,* 6 *T. R.* 665; *Morton* v. *Lamb,* 7 *T. R.* 125. In addition to

S

these cases cited to support the fifth proposition of Williams may be cited *Heard* v. *Wadham*, 1 *East* 619; *Green* v. *Reynolds*, 2 *Johns. Rep.* 207; *Cunningham and another* v. *Morrell*, 10 *Johns.* 203.

CITED in *Ackley* v. *Richman*, 5 *Hal.* 304; *Chew* v. *Egbert*, 2 *Gr.* 446; *Shinn* v. *Roberts*, *Spenc.* 444.